## Lewis E. Dillman et al. v. John W. Nadelhoffer.

1. CREDITOR'S BILL—*Where it Lies—Legal Remedies to be Exhausted.* —Where a creditor simply seeks to obtain satisfaction of his judgment out of some equitable estate of the judgment debtor, which is not liable to levy and sale under an execution at law, he must exhaust his remedy at law by obtaining judgment and having an execution issued and returned unsatisfied, before he is entitled to relief from a court of equity.

2. BILL IN AID OF EXECUTION—*Exhaustion of Legal Remedies Not Necessary.*—Where a creditor seeks to remove a fraudulent conveyance out of the way of his execution at law, he may file his bill in aid as soon

as he obtains a judgment, without waiting to exhaust his legal remedies.

3. FRAUDULENT CONVEYANCES—*Voluntary Transfers by a Person in Debt.*—A voluntary conveyance made when the grantor is in debt, is presumptive evidence of fraud, and a fraudulent intent will be presumed from the fact that the party conveying was indebted at the time, and that as to pre-existing creditors every conveyance not made on a consideration valuable in law, is void.

**Memorandum.**—Bill to remove a fraudulent conveyance and in aid of an execution. In the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Decree for complainants; appeal by defendants. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANTS' BRIEF, GEORGE S. HOUSE, ATTORNEY.

A voluntary settlement, otherwise good, will not be rendered invalid by an unsuccessful attempt to prove a valuable consideration. Lucas v. Lucas, 103 Ill. 121.

The owner of property may at any time give the same to any one he chooses, so long as he thereby injures no then existing creditor, and no subsequent creditor can call it in question, unless the donor is guilty of an actual fraudulent intent, and such creditor is thereby injured. This follows from his absolute dominion over his property, and the mere fact that he may be indebted is not alone sufficient to make a gift or voluntary conveyance by him inoperative. If there is no intention on his part to delay or defraud his creditors, the conveyance is not within the statute. Bump on Fraudulent Conveyances, 269.

It is not conveyances where a man owes that are prohibited, but conveyances with the intent or purpose to delay, hinder or defraud creditors. Lyne v. Bank of Kentucky, 5 J. J. Marsh. 545; Clayton v. Brown, 17 Ga. 217; Taylor v. Eubanks, 3 A. K. Marsh. 239, and Hunter v. Waite, 3 Gratt. 26.

The presumption of an intent to delay, hinder and defraud creditors, arising from a voluntary conveyance by a person who is in debt, is not conclusive, for such a conveyance is fraudulent only where it necessarily delays, hinders or

defrauds them.   Indebtedness, therefore, is only one circumstance from which an inference of an intent to defraud may be drawn, and must be considered in connection with the donor's estate.   Mere indebtedness alone is not sufficient to render a voluntary conveyance void, if the donor has ample means left to pay his debts.   Bump on Fraudulent Conveyances, 275;  Moritz v. Hoffman et al., 35 Ill. 553.

No creditor without a lien has any right to complain that his debtor is giving away property to his wife or children, unless such creditor can establish the fact that he has not retained enough to satisfy existing debts.   Such grantor must make himself insolvent by such gifts or conveyances, and to impeach them fraud must be charged and proved.   When there is no actual fraudulent intent, and the gift or provision made by a debtor to his wife or child is a reasonable one under the circumstances, leaving ample property unincumbered for the payment of the party's debt, not materially lessening their then prospects of payment, the gift or provision will be sustained as valid.   Wyck v. Seward et al., 6  Paige 62;  Emerson v. Bemis, 69 Ill. 537;  Fanning et al. v. Russell et al., 94  Ill. 386;  Patrick v. Patrick, 77 Id. 555; Sweeney et ux. v. Damron et al., 47 Id. 450;  Matthews et al. v. Jordan et al., 88 Id. 602;  Lincoln v. McLaughlin, 74 Id. 11;  Faloon v. McIntyre, 118 Ill. 292–300.

If the act done will necessarily have the effect of hindering and  delaying creditors, the law presumes that it was done with  that fraudulent purpose and intent.   Moore v. Wood et al., 100 Ill. 451;  Emerson v. Bemis, 69 Ill. 537; Larkin v. Aird, 6 Wall. 78;  Bump on Fraudulent Conveyances, 246–282.

The law, however, admits of qualifications as against existing creditors, when, as said by Mr. Justice Story, the circumstances of the indebtment and conveyance repeal any presumable imputation of fraud.   1 Story's Eq. Jur., Sec. 355.

The mere fact of indebtedness will not amount to a prohibition of the debtor's power to make a gift, or provide for his future support or the support of others.   If the debtor

retains property amply sufficient for the payment of all his debts, he has a right to contract for his support for a longer or shorter period, as he may think best. Hapgood v. Fisher, 34 Me. 407; Wooten v. Clark, 23 Me. 75; Parker v. Nichols, 7 Pick. 52; Bump on Fraudulent Con., 247; Annis v. Bonar, 86 Ill. 128.

APPELLEE'S BRIEF, HILL, HAVEN & HILL, ATTORNEYS; HALEY & O'DONNELL, OF COUNSEL.

A creditor who seeks to remove a fraudulent conveyance, incumbrance or obstacle of any kind out of the way of his execution, may file his bill as soon as he obtains judgment. Where he simply seeks to satisfy his debt out of some equitable estate of the defendant which is not liable to a levy and sale under an execution at law, he must exhaust his remedy at law by obtaining judgment and having an execution returned *nulla bona*, before he can come into a court of equity for the purpose of reaching equitable assets of the defendant; but where, as in this case, the creditor seeks only to remove fraudulent incumbrances out of the way of his execution, he may file his bill as soon as he obtains his judgment. Miller et al. v. Davidson, 3 Gilm. 522; Weightman v. Hatch, 17 Ill. 286; Newman v. Willetts, 52 Ill. 98; Beebe v. Saulter, 87 Ill. 518; Wisconsin Granite Co. v. Gerrity et al., 144 Ill. 77.

Section 4, chapter 59, R. S., makes a fraudulent transfer of property void as against creditors. The word creditors, as used in the statute, is not to be taken in its strict technical sense, but applies to all persons who had demands, accounts, interest or causes of action for which they might recover any debt, damages, penalty or forfeiture in actions either *ex delicto* or *ex contractu*. Such demand may be either absolute or contingent. A liability as surety is as much within the statute as a liability as principal. Bump on Fraudulent Conveyances, 502–508; Walrapt et al. v. Brown, 1 Gilm. 397; Bongard v. Block, 81 Ill. 186; Woolridge et al. v. Gage et al., 68 Ill. 157; Dunphy v. Gorman, 20 Ill. App. 132.

The general rule of law is that a voluntary conveyance or transfer of property by a debtor as against existing creditors, is fraudulent and void, and it is immaterial whether actual fraud was intended or not. If the effect of such a conveyance or transfer is to hinder and delay creditors, the law presumes that it was done with fraudulent purpose and intent. To this general rule there are qualifications. For instance, a husband and father may set apart by conveyance or transfer for the use of his wife and children a reasonable portion of his estate for their support, if he retain ample property in his possession, free from incumbrance and accessible to his creditors, sufficient to pay all his debts without hazard. Such a conveyance or transfer will not be upheld if there be not ample property retained or if the amount conveyed or transferred will materially lessen the debtor's ability to pay his debts. Emerson v. Bemis et ux., 69 Ill. 537; Patterson v. McKinney, 97 Ill. 41; Marmon v. Harwood, 124 Ill. 104; Harting v. Jockers, 136 Ill. 627; Wisconsin Granite Co. v. Gerrity et al., 144 Ill. 77; Austin v. National Bank, 47 Ill. App. 224.

The rule as laid down by the earlier authorities in this State seems to have been predicated upon the theory that in order to vitiate such a conveyance it was necessary to show the insolvency of the grantor at the time the conveyances were executed. Of late years there has been a departure from that doctrine, and the rule has been modified considerably. It now seems to be well settled that such voluntary conveyances, as against existing creditors, are fraudulent and void where the grantor fails to retain ample and available property sufficient to discharge all his existing debts. Marmon v. Harwood et al., 26 Ill. App. 341; Crawford v. Logan, 97 Ill. 396; Nicholls v. Wallace, 41 Ill. App. 627; Marmon v. Harwood, 124 Ill. 104; Patterson v. McKinney, 97 Ill. 41; Rutt v. Schuyler, Admr., 49 Ill. App. 655; Harting v. Jockers, 136 Ill. 634.

While it is true that fraud can not be inferred, but must be proved, yet like all other facts it may be proved by circumstances. It very seldom can be proved by direct and

positive testimony. Circumstances, when proven, which convince the mind ·that the fraud charged has been perpetrated, are all that is necessary. Circumstances which merely raise a suspicion are not. sufficient, but when they are so strong as to produce conviction of the truth of the charge, although there may remain some doubt, then it is proved. This is the extent of the rule that fraud must be proved. Bullock v. Narrott, 49 Ill. 62; Bryant et al. v. Simoneau et al., 54 Ill. 324.

Plans and conspiracies to cheat and defraud are concocted in secret interviews. No one concerned while the existing relations are friendly will proclaim them from the house top, and great industry, patience and sagacity is required to expose them. Fraud loves deceit and stratagem, and its inexhaustible windings often can only be discovered, traced and exposed by circumstances. Cowling v. Estis, 15 Brad. 261; Steere v. Haglund, 50 Ill. 377; Strauss et al. v. Kaner, 56 Ill. 254.

It is a well settled rule of law that where a grantor in a deed of conveyance remains in possession of the property conveyed, and uses and treats the same as if he were the owner, his declaration and acts while so in possession, are competent evidence against the grantee therein upon a bill to set aside such deed as fraudulent. Bump on Fraudulent Conveyances, 569; Jones et al. v. King et al., 86 Ill. 226; Blackman et al. v. Preston Bros. et al., 123 Ill. 381; Hook v. Mowre, 17 Iowa, 195.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee filed a bill in chancery seeking to set aside certain conveyances from Lewis E. Dillman to E. Corbin Dillman and from E. Corbin Dillman and wife to Maria E. Dillman out of the way of an execution issued on a certain judgment received in the Circuit Court of Will County by appellee against Lewis E. Dillman on the 27th of February, 1891, for $6,638.

Upon a hearing the Circuit Court rendered a decree

setting aside the conveyance upon the ground that they were fraudulent as against the rights of appellee. To reverse that decree appellant prosecutes this appeal and urges that the court had no jurisdiction to render the decree; that the bill does not sustain the decree; that there is a variance between the bill and the evidence; that the decree is against the evidence and that the proofs show that Maria E. Dillman is the legal holder of the property involved, free from any fraud.

The evidence shows that on the 2d of October, 1883, Lewis E. Dillman owned and occupied a homestead in Joliet, Illinois, the property in question, worth about $9,000; that on that day he conveyed it for the consideration of $10 to his son E. Corbin Dillman, who then conveyed to Maria E. Dillman, the wife of Lewis E. Dillman, for the same consideration. At that time Lewis E. Dillman was liable to appellee as guarantor upon two promissory notes for the sum of $8,000 each, executed April 18, 1883, and upon which appellee recovered judgment against appellant on February 27, 1891. The suit which resulted in such judgment was commenced in January, 1888, and in May, 1888, an attachment in aid was sued out and levied upon the property in question. Appellee recovered judgment *in personam* and in attachment, and on the following day sued out an execution, special and general, and placed the same in the hands of the sheriff. This execution was in the hands of the sheriff when the bill was filed, March 21, 1891.

It is contended by counsel for appellant that the bill is a creditor's bill, and that to maintain a bill of that character it is necessary to aver and prove the issue and return of an execution unsatisfied. Until that has been done he insists the complainant's remedy at law has not been exhausted and he has no standing in a court of equity. Where a creditor simply seeks to obtain satisfaction of his judgment out of some equitable estate of the judgment debtor which is not liable to levy and sale under an execution at law, he must exhaust his remedy at law by obtaining judgment and having an execution issue and returned *nulla bona* before

he is entitled to relief from a court of equity; but if he seeks to remove a fraudulent conveyance out of the way of his execution he may file his bill as soon as he obtains judgment. Weightman v. Hatch, 17 Ill. 286; Newman v. Willetts, 52 Ill. 98; Wisconsin Granite Company v. Gerrity et al., 144 Ill. 77.

It is further insisted that the bill does not sustain the decree for the reason that it alleges actual fraud on the part of Dillman in making the transfer; seeks relief entirely upon the ground of actual fraud, and contains no sufficient averments on which to base a finding of fraud at law, while the proofs show that no actual fraud was intended and in any view can not be regarded as going further than establishing that the transfer is a voluntary settlement upon Dillman's wife. We are disposed to regard this contention as rather " fine spun."

The allegations of the bill are in substance that, on the 2d of October, 1883, appellee was a creditor of appellant; that on that day appellant conveyed his property to his wife without consideration; that appellee has recovered judgment upon his claims; that he is prevented from selling the property under an execution because of such conveyance; that appellant is insolvent and has no other property out of which the judgment could be made; that the conveyance is a mere sham and that Maria E. Dillman holds the property in trust for appellant. We think these allegations are sufficient to support the decree. If proven, the law presumes the conveyances were fraudulent and void as to existing creditors. More was really averred in the bill than was necessary. A voluntary conveyance, made when the grantor is indebted, is presumptive evidence of fraud; and a fraudulent intent will be presumed, from the fact that the party conveying was indebted at the time, and that as to preexisting creditors every conveyance not made on a consideration valuable in law, is void. Montz v. Hoffman et al., 35 Ill. 553; Harting v. Jockers et al., 136 Ill. 627.

It is claimed that the conveyance was not voluntary, but was made in consideration of money advanced by the wife

to Dillman from time to time before then.   The advances attempted to be set up, amounted to about $2,000, and were made so long before the date of the deed as to be barred by the statute of limitations.   We entertain no doubt that the conveyance was voluntary.

At the time of the conveyance Dillman retained shares in two corporations which, it is claimed, were sufficient to enable him to meet all his obligations in the usual course of business.

These shares were of an uncertain value.   One corporation has never paid anything and the other soon failed, its stock becoming worthless.   All the property retained by Dillman was of a speculative character and eventually became worthless.   It does not appear that it had ever a marketable value.

A careful consideration of the evidence satisfies us that the bill is fully sustained by the proof, and that the decree of the Circuit Court should be affirmed.